# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STACY MARIE JURSS, | No.  53617-0-II |
| Respondent, | (Consolidated with: No.  54061-4-II) |
| v. | |
| LIAM ALOYSHA MOONEY, | UNPUBLISHED OPINION |
| Appellant | |

LEE, C.J. — Stacey M. Jurss and Liam A. Mooney have a child together, H.J.  The superior court granted Jurss's petition for a domestic violence protection order (DVPO) against Mooney. Mooney appeals the terms imposed in the DVPO, arguing that the superior court abused its discretion by ordering that the DVPO remain in effect until H.J. is eighteen years old, imposing provisions in the DVPO to protect H.J., and restricting his possession of firearms.  Mooney also challenges a portion of the superior court's findings of fact 12.[1]

We agree that the superior court abused its discretion by imposing the challenged provisions in the DVPO.  Further, the challenged portion of the superior court's finding of fact 12 is speculative.  Accordingly, we reverse the improper provisions in the DVPO and remand for the

---

[1] Mooney also assigns error to a portion of finding of fact 16, which states, "'Ms. Jurss is entitled to the order requested.'"  Br. of Appellant at 24.  Mooney does not provide any argument and simply points out that, for the reasons already explained in his brief, Jurss was not entitled to all the relief granted in the trial court's order.  Because Mooney fails to provide any further argument, we do not address this argument beyond the issues addressed in this opinion.  *See* RAP 10.3(a)(6); *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

superior court to limit the length of the DVPO to one year, strike the provisions protecting H.J., strike the provisions restricting Mooney's possession of firearms, and strike the challenged portion of finding of fact 12.

## FACTS

On March 20, 2019, Jurss filed a petition for a DVPO against Mooney based on a 2009 sexual encounter with Mooney. Jurss's DVPO petition sought protections for herself, but did not seek protections for H.J. However, she did request that protection order restrain Mooney from interfering with her custody of H.J. and removing H.J. from the state. Jurss also requested that the order remain effective for more than one year because Mooney was likely to resume acts of domestic violence against her.

Both Jurss and Mooney testified at the hearing for the protection order. The following evidence was presented to the superior court.

Jurss and Mooney have a child together, H.J., born in 2010. H.J. was conceived following a 2009 New Year's Eve party that Jurss and Mooney attended together. At the time, Mooney was 18 years old and Jurss was 27 years old. Both parties consumed alcohol at the party.[2]

Jurss testified that she remembered going to a New Year's Eve party in 2009 with Mooney. Mooney drove to the party in his truck. Jurss agreed that she could have supplied Mooney with alcohol during the party but she could not remember. Jurrs was so intoxicated, she blacked out.

---

[2] On appeal, Mooney only assigns error to portions of findings of fact 12 and 16. Therefore, the remaining findings of fact are verities on appeal. *Miles v. Miles*, 128 Wn. App. 64, 69-70, 114 P.3d 671 (2005).

Jurss does not recall what happened after the party. And Jurss cannot remember any details of the sexual contact between her and Mooney.

Mooney testified that he believed he drove the two of them to the party in Jurss's van. Jurss, and several other people, supplied him with alcohol during the party. According to Mooney, a coworker drove him and Jurss back to their apartment in Jurss's van. When they returned to the apartment, Jurss led Mooney into her bedroom. Mooney "believed she wanted to have sex with [him]." Verbatim Report of Proceeding (April 22, 2019) at 117. Mooney testified that the sex was consensual.

Both parties agree they had sexual intercourse that night. Both parties also agree that this was the only time Jurss and Mooney had any sexual contact, and H.J. was born as a result.

Mooney was shocked when he learned that Jurss was pregnant. He already had plans to move to New York for college at the time. Although Jurss was pregnant, Mooney followed through with his plans to move to New York. Jurss raised H.J. alone for five years until 2015.

Jillian Scheibeck, a friend of Jurss's, testified and provided a detailed declaration to the superior court about the time period when Jurss was raising H.J. alone. Jurss and H.J. lived with Schieibeck in 2014. While Jurss was living with Scheibeck, Jurss was arrested for driving under the influence (DUI) while H.J. was in the car. H.J. was temporarily placed in foster care in Scheibeck's home. During this time, Mooney visited with H.J., and Scheibeck met Mooney.

In 2015, Jurss was again arrested for DUI. Jurss again had H.J. with her. This DUI resulted in a dependency action, and H.J. was again placed in Scheibeck's custody. In the dependency action, Jurss denied knowing the identity of H.J.'s father. Scheibeck decided to contact Mooney and tell him about the dependency.

As soon as Mooney learned of the dependency, he called the social worker and filed a parentage action. In less than six weeks, he had left New York and returned to Washington. H.J. was placed in Mooney's custody. The dependency was dismissed when the superior court approved Jurss and Mooney's agreed parenting plan.

Following the hearing on Jurss's 2019 DVPO petition, the superior court entered the following relevant findings of fact:

12. In this case, Ms. Jurss argues that she lacked the mental capacity to consent. Both parties agree that Ms. Jurss was intoxicated that night. Both parties testified that Ms. Jurss did not drive home, though there is dispute over if Mr. Mooney or a third party provided the transportation. The court concludes that if Mr. Mooney knew that Ms. Jurss did not have the capacity to drive her car, he should have suspected she did not have the capacity to consent.

13. Additionally, Mr. Mooney offered the testimony of a witness, Jillian Scheibeck (formerly Andrews). Ms. Scheibeck testified that at a later occasion, Ms. Jurss became so intoxicated that she blacked out. This is consistent with the testimony of Ms. Jurss indicating that she blacked out on the night in question. Ms. Scheibeck['s] declaration and oral testimony both support the conclusion that Ms. Jurss has a problem consuming alcohol to excess resulting in her blacking out. This testimony of Ms. Scheibeck supports Ms. Jurss' testimony that she was blacked out on the night of December 31, 2009/January 1, 2010.

14. Both parties raised the issue of credibility of the other. Each have made inconsistent statements over the course of the last nine years and additional information has been raised over time. The court does not find these inconsistencies to be problematic for either party. The nature of the allegations, the balancing needs of sharing a child, the legal ramifications of certain statements, and the passage of time all contribute to these inconsistencies and additions. However, the main crux of the narrative for both parties on the night in question has been effectively unchanged over time.

15. Ms. Jurss also testified that her mental health has been impacted by the trauma of the event. Even simple courtesy interactions with Mr. Mooney place her in fear. Mr. Mooney argued that Ms. Jurss has interacted with him

4

without fear on many occasions. The court does not conclude that these interactions evidence a lack of fear. Instead, they evidence that Ms. Jurss had tried, on occasions, [to] make the best of an uncomfortable situation setting aside her personal fears for the welfare of the child. The court concludes that Ms. Jurss has an ongoing, reasonable fear of Mr. Mooney.

16. The court further concludes that Ms. Jurss has proven, by a preponderance of evidence, that due to her severe level of intoxication, she lacked the capacity to consent to sexual intercourse. Because Ms. Jurss lacked the capacity to consent that evening and Mr. Mooney proceeded to participate in sexual intercourse with Ms. Jurss anyway, Ms. Jurss is entitled to the Order requested.

Clerk's Papers (CP) at 477-79. The superior court's findings regarding Jurss's fear were based exclusively on the sexual contact that occurred on New Year's Eve 2009. The superior court did not make any findings about any additional conduct by Mooney.[3] Based on its findings, the superior court issued a DVPO.

In the DVPO, the superior court found that Mooney represented a credible threat to Jurss's physical safety. The protection order restrained Mooney from "causing physical harm, bodily injury, assault, including sexual assault, and from molesting, harassing, threatening, or stalking" Jurss and H.J. The protection order also restrained Mooney from interfering with Jurss's physical

---

[3] Jurss's fear of Mooney is based on her psychological reaction to the past event (2009 sexual contact), rather than Mooney committing or threatening to commit acts of domestic violence. Even accepting the trial court's finding that the sexual contact between the two was a sexual assault, there is no evidence that Mooney presents any actual threat of committing acts of domestic violence against Jurss or is a threat to her *physical* safety. *See* RCW 26.50.010(3)(a). However, Mooney does not challenge the granting of the order. Instead, Mooney argues the Jurss was not entitled to the full relief requested in her petition or the expanded relief granted by the trial court and that Jurrs was only "entitled to, at most, a basic one-year DVPO that protected her alone, not the child, and did not restrict Mooney's right to possess a firearm." Br. of Appellant at 24. Because Mooney does not challenge the trial court's findings regarding the sexual contact or the trial court's decision to grant the protection order, we do not address the propriety of granting the protection order.

or legal custody of H.J. and restrained Mooney from removing H.J. from the State. The DVPO also contained the following provision:

> The parties share a child. Nothing in this order prohibits Mr. Mooney from having contact with the child consistent with the terms of any parenting plan. Parties shall only communicate through Our Family Wizard re child only. Parties may attend joint functions for the child, but Mr. Mooney shall give Ms. Jurss at least 2 hours notice of his intent to attend any function and shall not have contact with her at said function.

CP at 470. And although the DVPO granted temporary care, custody, and control of H.J. to Jurss, Mooney was given visitation "[p]ursuant to any parenting plan order." CP at 470.

The DVPO also ordered that Mooney could not possess or obtain firearms because Mooney "presents a serious and imminent threat to public health or safety, or the health or safety of any individual by possessing a firearm or other dangerous weapon." CP at 472. The DVPO is effective until September 28, 2028.

Mooney appeals the length of the DVPO and the provisions in the DVPO protecting H.J. and restricting his possession of firearms.

## ANALYSIS

We review a trial court's decision granting a DVPO for an abuse of discretion. *Freeman v. Freeman*, 169 Wn.2d 664, 671, 239 P.3d 557 (2010). We will not reverse a trial court's decision for an abuse of discretion unless it is manifestly unreasonable, or based on untenable grounds or untenable reasons. *Id.*

Under RCW 26.50.020(1)(a), a person may petition for a DVPO alleging that he or she has been the victim of domestic violence committed by the respondent. "Domestic violence" is defined as "[p]hysical harm, bodily injury, assault, or the infliction of fear of imminent physical

harm, bodily injury, or assault, sexual assault, or stalking as defined in RCW 9A.46.110 of one intimate partner by another intimate partner." RCW 26.50.010(3)(a). Intimate partners include people who have a child together. RCW 26.50.010(7)(c). Following a hearing on the petition, the trial court may restrain the respondent from committing acts of domestic violence and order "other relief as it deems necessary for the protection of the petitioner and other family or household members sought to be protected." RCW 26.50.060(1)(a), (f).

A.      DURATION OF DVPO

First, Mooney argues that the superior court abused its discretion by granting a DVPO for longer than one year without making the required statutory finding under RCW 26.50.060(2). We agree.

RCW 26.50.060(2) provides:

If a protection order restrains the respondent from contacting the respondent's minor children the restraint shall be for a fixed period not to exceed one year. This limitation is not applicable to orders for protection issued under chapter 26.09, **26.10, 26.26A, or 26.26B RCW. With regard to other relief, if the petitioner has petitioned for relief on his or her own behalf or on behalf of the petitioner's family or household members or minor children, *and the court finds that the respondent is likely to resume acts of domestic violence against the petitioner or the petitioner's family or household members or minor children when the order expires*, the court may either grant relief for a fixed period or enter a permanent order of protection.

(Emphasis added).

Here, there is nothing in the record that demonstrates that Mooney was likely to resume acts of domestic violence against Jurss. The only act of domestic violence that the superior court found Mooney committed was the sexual contact in 2009. Jurss argues extensively that the superior court's order was appropriate because of Mooney's harassing behavior towards Jurss, but the superior court did not find that any of Jurss's allegations regarding Mooney's conduct was

7

either domestic violence, harassing, or a basis for issuing the DVPO. Instead, the superior court found that Jurss's post-traumatic stress regarding the 2009 sexual contact was the cause of her fear. The superior court even recognized that "simple courtesy interactions" would cause Jurss's fear. CP at 478.

Here, there was no evidence, other than the 2009 sexual contact against Jurss, that Mooney had engaged in any act of domestic violence against Jurss or that Mooney had ever engaged in any violent act against H.J., and the superior court made no such findings. Therefore, there was no tenable reason to fix the term of the protection order until September 2028, when H.J. turns eighteen years old. Accordingly, the superior court abused its discretion, and we reverse the term of the DVPO and remand to the superior court to limit the length of the DVPO to one year.

B. PROVISIONS PROTECTING THE CHILD

Second, Mooney argues that the superior court abused its discretion by imposing provisions protecting H.J. We agree.

As noted above, the superior court has the discretion to order "other relief as it deems necessary for the protection of the petitioner and other family or household members sought to be protected." RCW 26.50.060(1)(f). However, here, the provisions regarding H.J. are not necessary and the superior court abused its discretion by imposing them.

Mooney did not commit any acts of domestic violence against H.J., and the superior court did not make any finding that Mooney posed any risk of harm to H.J. Furthermore, as the DVPO recognizes, the parties have a parenting plan that governs Mooney's residential time with H.J.

There was no evidence that Mooney violated the terms of the parenting plan or that the terms of the parenting plan were inappropriate. The provisions in the DVPO regarding H.J. are

not necessary to protect Jurss or H.J. Therefore, the superior court had no tenable reason for imposing them. Accordingly, the superior court abused its discretion and we remand to the superior court to strike the provisions regarding H.J. from the DVPO.

C.     PROVISIONS RESTRICTING POSSESSION OF FIREARMS

Third, Mooney argues that the superior court abused its discretion in restricting Mooney's possession of firearms. We agree.

Under RCW 26.50.060(1)(k), the superior court may consider firearm restrictions under RCW 9.41.800. Former RCW 9.41.800 (2014) was in effect at the time the superior court entered the DVPO. Former RCW 9.41.800(5) states,

> In addition to the provisions of subsections (1), (2), and (4) of this section, the court may enter an order requiring a party to comply with the provisions in subsection (1) of this section [restricting firearms and dangerous weapons] *if it finds that the possession of a firearm or other dangerous weapon by any party presents a serious and imminent threat to public health or safety, or to the health or safety of any individual*.

(Emphasis added).

Here, there are no grounds justifying the superior court's finding that Mooney presents "a serious and imminent threat" by possessing a firearm or other dangerous weapon. Although the superior court found that in 2009, Mooney had sexual contact with Jurss when Jurss was unable to consent due to intoxication, the court did not find any violent or forceful act by Mooney. And the sexual assault did not involve the use of a firearm or any other weapon. The trial court did not make any findings that Mooney has engaged in any acts of harassment or domestic violence since that incident. Therefore, a finding that Mooney's possession of firearms "presents a serious and imminent threat to public health or safety, or to the health or safety of any individual" has no basis

in the record and is untenable. Accordingly, the superior court abused its discretion and we remand to the superior court to strike the firearm restrictions from the protection order.

D.      FINDING OF FACT 12

Mooney argues that the superior court's finding of fact 12 is not supported by substantial evidence. Specifically, Mooney assigns error to the portion of finding of fact 12 which states, "The court concludes that if Mr. Mooney knew that Ms. Jurss did not have the capacity to drive her car, he should have suspected she did not have the capacity to consent." CP at 478. Mooney argues that this finding is not supported by substantial evidence because there was no testimony that Mooney knew that Jurss could not drive.

Here, the superior court did not find that Mooney knew Jurss could not drive. Rather, the superior court concluded that *if* Mooney knew she could not drive, he should have been suspect of her ability to consent. This conditional statement resolves no factual issues and is speculative. Therefore, we remand for the superior court to strike the improper finding.

We reverse the term of the DVPO, the provisions of the DVPO protecting H.J. and restricting Mooney's access to firearms, and the improper portion of finding of fact 12. We remand to the trial court to enter a one year order and strike the improper provisions.

No. 53617-0-II/No. 54061-4-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____, C.J.
Lee, C.J.

We concur:

_____
Worswick, J.

_____
Veljacic, J.